RECEIVED
IN ALEXANDRIA, LA.
NOV - 6 2012
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROGER D. DAVIS, JR. | DOCKET NO. 12-CV-1029; SEC. P |
| VERSUS | JUDGE TRIMBLE |
| LAURIE WHITTEN JAMES, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff, Roger D. Davis, Jr., proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections, and he is incarcerated at the Avoyelles Correctional Center (AVC) in Cottonport, La. He alleges that he was wrongfully terminated from vocational school. He asks that he be reinstated in the school, that assistant district attorney Laurie James be terminated from her job, and that defendant James be cast with all costs of the proceedings for defaming Plaintiff's name.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Plaintiff's Allegations*

Plaintiff complains that on March 23, 2012, he was escorted to the Third Judicial District Court for a proceeding. Defendant James told the officers that Plaintiff had previously escaped from the Lincoln Parish jail. The officers in turn told Warden Gremillion the information they received. Ultimately, the warden

figured out that Plaintiff had not ever escaped from jail. Nonetheless, the warden removed Plaintiff from brick masonry classes. Plaintiff claims that he is entitled to reinstatement in the masonry class. He also claims that his name was defamed by the assistant district attorney.

### Law and Analysis

Title 28 U.S.C. §1915A and 42 U.S.C. §1997e(c) require the Court to sua sponte dismiss cases filed by prisoners proceeding in forma pauperis upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. See Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). However, the Court may not sua sponte dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319 (1989); Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic,

and delusional allegations. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. Reeves v. Collins, 27 F.3d 174, 176 (5th Cir.1994); see Jackson v. Vannoy, 49 F.3d 175, 176-77 (5th Cir. 1995); Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).

### A. Vocational Classes

Read liberally, Plaintiff argues that he has a constitutional right to enroll in vocational classes. He is incorrect. First, the state has no constitutional obligation to provide basic educational or vocational training to prisoners. See Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988). If such a program is provided to inmates, the denial of an opportunity to participate does **not** implicate a liberty interest unless there is a significant and atypical hardship on the inmate in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 484 (1995). The denial of participation in an educational program does not present the type of "significant and atypical hardship" that would constitute a denial of due process. See Farley v. McCroy, No. 94-3014, 1995 WL 445692, at *1 (7th Cir. July 21, 1995) (holding that denial of continued participation in educational programs did not violate due process under Sandin ). Consequently, plaintiff's claim that he was denied vocational or education

3

training fails to state a constitutional violation.

**B.   Defamation**

Plaintiff also complains that he was defamed by Defendant James. A §1983 defamation claim requires a specific type of damage. Injury to a person's reputation alone does not create a constitutional violation. Paul v. Davis, 424 U.S. 693, 701-02 (1976) (holding that injury to reputation alone is not a constitutional violation); Thomas v. Kipperman, 846 F.2d 1009, 1010 (5th Cir. 1988)("More must be involved than defamation to establish a § 1983 claim under the fourteenth amendment."). A plaintiff must allege harm to a tangible interest to establish a §1983 violation. Siegert v. Gilley, 500 U.S. 226 (1991); Thomas, 846 F.2d at 1010 Plaintiff has alleged no harm to a tangible interest.

It is also noted that, in the response to Plaintiff's grievance, the Unit Head writes that Plaintiff was removed from Brick Masonry class because they learned that Plaintiff was a *potential* escape risk. Moreover, Plaintiff has since been convicted of attempted murder of a police officer. Plaintiff was removed from the Vocational Compound and assigned where he would have less access to items that could be used in an escape attempt. "Classification of inmates in Louisiana is a duty of the [jailer] and an inmate has no right to a particular classification under state law." Woods v. Edwards, 51 F.3d 577, 581-82 (5th Cir. 1995). Courts accord great deference to prison officials' administrative

4

decisions and will not interfere with legitimate administration without a constitutional violation. See Smith v. Bingham, 914 F.2d 740, 742 (5th Cir. 1990).

*Conclusion*

Plaintiff does not have a constitutional right to participate in the masonry program, nor has he presented a constitutional claim for defamation. For the foregoing reasons, Plaintiff's complaint should be **dismissed with prejudice as frivolous and for failure to state a claim for which relief can be granted pursuant to §1915(e) and §1915A.**

**Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking**

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. USAA, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 5th day of November, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE